IN THE UNITED STATES DISTRICT COURT
FOR THE SECOND DISTRICT OF VERMONT

Case No. 5:22-cv-0073-gwc

Johnathan J. Billewicz, Michael W. Billewicz,
J and M Investment Trust and Lillian E. Billewicz,

Plaintiffs

v.

Town of Fair Haven, Vermont,
Town of Fair Haven, Vermont Police Chief William T. Humphries, individually and official capacity,
Town of Fair Haven, Department of Public Works Employees John Does, official capacity,
Town of Fair Haven, Vermont Administrative Personnel John and Jane Does, official capacity

Defendants

## COMPLAINT

### STATEMENT OF CLAIM

This action seeks monetary damages and other available damages and remedies because the Fair Haven, Vermont Police Chief, William T. Humphries, the Department of Public Works Personnel, Town Administrative Personnel and the Town of Fair Haven, Vermont wrongfully deprived private party Plaintiffs of Plaintiffs' property and property rights. Plaintiffs allege Police Chief Humphries and others listed acted under color of state law and violated Plaintiffs' liberty and property rights under the Fourth, Fifth and Fourteenth Amendments of the Constitutions of the United States and Vermont.

1.

## JURISDICTION

1. Jurisdiction exists over Plaintiffs' Federal claims pursuant to 28 U.S.C. 1331 and 1334 based on 42 U.S.C. 1983 and questions of Federal Constitutional Law involving the civil rights violations of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. This action seeks compensatory relief, equitable relief and other relief under the laws of the United States protecting civil rights. This Court has Supplemental jurisdiction of State law,

2. Venue in the United States District for the Second District is proper because the acts and conduct complained of herein all occurred in Vermont in the Second District.

### Parties

3. Plaintiff, Johnathan J. Billewicz, Pro -se, is an individual who has a residence in the Town of Fair Haven, County of Rutland and State of Vermont.

4. Plaintiff, Michael W. Billewicz, Pro -se, is an individual who has a residence in the City of Providence, County of Providence and State of Rhode Island.

5. Plaintiff, J and M Investment Trust, by and through Lillian E. Billewicz, Trustee, is a Vermont Trust established under the laws of Vermont.

6. Plaintiff, Lillian E. Billewicz, Pro - se, is an individual who has a residence in the Town of Fair Haven, County of Rutland and State of Vermont.

7. Defendant, Town of Fair Haven, Vermont is a Vermont municipality existing under the laws of Vermont and is a "person" as that term is defined in 42 U.S.C. 1983 and has the capacity to be sued.

8. Defendant, Police Chief, William T. Humphries, is an employee of the Fair Haven Police Department, a subdivision of the Town of Fair Haven, and acting within the scope of his employment and acting under the color of law.

9. Upon information and belief, Defendants Does of the Fair Haven, Vermont Public Works Department were workers employed by the Town of Fair Haven and were acting within the scope of their employment and under the color of law.

10. Upon information and belief, certain unnamed Defendants, John and Jane Does, are workers within the Administrative Department of the Town of Fair Haven and were acting within the scope of their employment and under color of law.

### Facts

11. Plaintiffs, Johnathan J. Billewicz and Michael W. Billewicz, are the lawful owners of real property located at 16 - 18 River Street, Fair Haven, Vermont by deed of Vermont Special Warranty Deed of HBSC Bank, USA, National Association, as Trustee for Citigroup Special - CMLTI -SHL 1 dated September 20, 2010, and recorded in the Fair Haven Land Records at Book 96, Pages 359 - 360.

12. Plaintiff, J and M Investment Trust, is the lawful owner of 5 Union Street, Fair Haven, Vermont by the Administrator's Deed of Francis W. Owen, Administrator of the Estate of Erma Hopper Whitehurst, dated February 10, 1999 and recorded in the Fair Haven, Vermont Land Records at Book 69, Pages 36 -37.

13. Plaintiff, J and M Investment Trust is the lawful owner of 7 Union Street, Fair Haven, Vermont by Quitclaim Deed of Rodney F. White, dated October 13, 1995 and recorded in the Fair Haven, Vermont Land Records at Book 63, Pages 547 -548.

## First Claim

## 42 U.S.C. 1983 - Against Defendants Town of Fair Haven and Chief William T. Humphries Unlawful Seizure of Plaintiffs' Real and Personal Property in Violation of the Fourth, Fifth and Fourteenth Amendments

14. Plaintiffs incorporate the preceding paragraphs by reference as if fully rewritten herein. Defendant Police Chief William T. Humphries at all times relevant hereto was acting under color of state law.

15. On or about September 19, 2019, Police Chief William T. Humphries verbally made unreasonable and unlawful threat of arrest for the criminal offense of burglary to Plaintiffs Johnathan and Lillian Billewicz if they "were to be caught there" and entered into the residence of 5 Union Street, 7 Union Street or 16 - 18 River Street, Fair Haven, Vermont.

16. On the same date, Police Chief WilliamT. Humphries threatened unreasonable and unlawful arrest of Plaintiffs Johnathan J. Billewicz and Lillian E. Billewicz by stating, " I would arrest you if you went there." (the properties mentioned in this Complaint).

17. By means of these intimidating threats by a law enforcement officer, Plaintiffs were unlawfully deprived of access to their real and personal property, a roof over their heads and are deprived of their Constitutional Rights under the Fourth, Fifth and Fourteenth Amendments.

18. The actions of Police Chief WilliamT. Humphries acting under color of law, has meaningfully interfered with Plaintiffs' interest in their real and personal property.

19. At all times relevant hereto, Defendant Humphries acted pursuant to policy or custom

of the Town of Fair Haven in depriving citizens of Constitutionally protected property rights.

20. Upon information and belief, the Town of Fair Haven has failed to train their police department about the Fourth, Fifth and Fourteenth Amendments and Constitutional rights of the public and prohibiting illegal, unlawful seizures.

21. The personal actions and integral involvement of Police Chief William T. Humphries rise to the level of an unlawful seizure as seizure is defined by the Fourth Amendment of the United States Constitution.

22. As a direct result of Chief William T. Humphries' malice, recklessness and total and deliberate disregard for Plaintiffs' Constitutional rights, Plaintiffs have been deprived of both their real and personal property.

## Second Claim

### 42 U.S.C. 1983 Against Defendant Town of Fair Haven, Department of Public Works John Does and Administrative Personnel Does
### Unlawful Seizure of Plaintiffs' Real Property
### In Violation of the Fourth, Fifth and Fourteenth Amendments

23. Plaintiffs Johnathan and Michael Billewicz incorporate paragraphs 1 - 13 by reference as if fully rewritten herein.

24. In or about September, 2019, the Town of Fair Haven, by and through the acts of the workers of the Department of Public Works and under direction and supervision of unnamed Administrative Personnel, Police Chief Humprhries and other unknown individuals, placed sheets of plywood covering the entrances to Plaintiffs' property located at 16 -18 River Street, Fair Haven, Vermont.

25. Upon information and belief, these acts of the Defendant, its employees and agents were done with the specific intent to deprive Plaintiffs of their Constitutional rights to be secure in their property.

26. At all times relevant hereto, the Administrative Staff, Department of Public Works workers and the Police Department acted pursuant to policy or custom of the Town of Fair Haven in depriving citizens of Constitutionally protected property rights.

27. Upon information and belief, the Town of Fair Haven has failed to train its Administrative Staff, Department of Public Works workers and the Police Department about the Fourth, Fifth and Fourteenth Amendments and Constitutional rights prohibiting illegal and unlawful seizures.

28. In so securing the entrances to Plaintiffs' property, Defendants made an unreasonable, unlawful and warrantless seizure of Plaintiffs' property in violation of the Fourth, Fifth and Fourteen Amendments of the United States Constitution.

29. Upon information and belief, the DPW workers were acting under the direction and supervision of the Administration, Town Manager, Selectboard, Police Chief and other unnamed staff, and these administrative personnel had personal participation in and were integrally involved in the placement of the plywood and securing the property.

30. As a direct result of Defendant's actions, Plaintiffs have been deprived of access to their property and prevented from furthering their efforts to rehabilitate the property.

### Prayers for Relief

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. On the first claim, Plaintiffs, Lillian E. Billewicz and Johnathan J. Billewicz, seek compensatory damages in an amount above the jurisdictional minimum and to be determined at trial.

B. On the second claim, Plaintiffs, Johnathan J. Billewicz and Michael W. Billewicz seek compensatory damages in an amount above the jurisdictional minimum and to be determined at trial.

C. A jury trial on all appropriate issues,

D. An award of costs, expenses and interest against the Defendant, and

E. Any and all other just and equitable relief and determined by this Honorable Court.

Dated:

Johnathan J. Billewicz
6 Washington Street, Apt. 4
Fair Haven, vermont 05743

Michael W. Billewicz
16 Africa Street, Suite B
Providence, Rhode Island  02903

J and M Investment Trust

Lillian E. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743
1 - 802 -683 - 1709

7.