**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAY 11   AM 10: 55

Case No. 5:22 - cv - 00073 Egwc

BY_____
DEPUTY CLERK

JOHNATHAN J. BILLEWICZ, MICHAEL W. BILLEWICZ,
J AND M INVESTMENT TRUST and
LILLIAN E. BILLEWICZ,

           Plaintiffs

      v.

TOWN OF FAIR HAVEN, VERMONT,
TOWN OF FAIR HAVEN , VERMONT POLICE CHIEF,
WILLIAM T. HUMPHRIES , INDIVIDUALLY AND OFFICIAL CAPACITY,
TOWN OF FAIR HAVEN, VERMONT , DEPARTMENT OF
PUBLIC WORKS EMPLOYEES, JOHN DOES, OFFICIAL CAPACITY
and TOWN OF FAIR HAVEN, VERMONT ADMINISTRATIVE PERSONNEL,
JOHN AND JANE DOES, OFFICIAL CAPACITY,

           Defendants

PLAINTIFFS' MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
and  PLAINTIFFS' SUPPORTING MEMORANDUM

   NOW COME THE PLAINTIFFS, Johnathan J. Billewicz, Michael W. Billewicz, J and

M Investment Trust and Lillian E. Billewicz, Pro -se and file this Motion in Opposition to

Defendant's Motion to Dismiss. Plaintiffs also file and incorporate their Supporting

Memorandum of Law herewith.  Plaintiffs file these documents respectfully to move this

Honorable Court to Deny Defendants' Motion to Dismiss because as demonstrated

in  Plaintiffs' Memorandum, there is substantial case law  which solidifies Plaintiffs'

position the Motion to Dismiss should be Denied.

1.

TABLE OF AUTHORITIES

**CASES**

*Andrade v. City of Hammond, Indiana*, No. 20 - 154, August 25, 2021

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)

*Beaupre v. O'Connor*, No. 214 - cv - 256, 2015 WL 5530180 at page 2, (D. VT Sept. 18, 2015)

*Billewicz, et al. v. Town of Fair Haven, Vermont* 2021 VT 20

*Billewicz, et al. v. Town of Fair Haven, Vermont* 2022 VT (unpublished) 2022 WL 424881

*Brown Park Estates - Fairfield v. United States,* 127 F. 3d 1449 (Fed. Cir. 1997)

*Brown v. United States,* 411 U.S. 223 (1973)

*Brugos v. Hopkins,* 14 F. 3d 787, 790 (2d Cir. 1994)

*Clem v. Pinal County,* 491 P. 3d 1156 (Ariz. Ct. App. 2021)

*Conner v. Reinhard*, F. 2d 384, 395 (7th Cir. 1988)

*El - Nahal v. Yassky,* 835 F. 3d 248, 256 (2d Cir. 2016)

*Exxon Mobil Corp. v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005)

*Faulkner v. Caledonia County Fair Association,* 2004 VT 123, 178 VT 51, 57, 869 A.2d 103, 109.

*Friedman v. United States*, 310 F. 2d 381 (Ct.Cl. 1962)

*Goldberg v. Dufour,*  2 - 17 - cv 00061 January 23, 2020 (D. VT Jan. 23, 2020)

*Great W. Mining and Mineral Co., v. Fox Rothschild*, 615 F. 3d 159, 166 (3d Cir. 2010)

*Harmon v. Dallas County*, 927 F. 3d 884, 891, 892  (5th Cir. 2019)

*Headley v. Bacon*, 828 F. 2d 1272, 1274, 1278, 1279 (8th Cir. 1987)

*Jeffers v. United States,* 342 U.S. 48

*Jones v. United States,* 362 U.S. 257 (1960)

*Kruckenberg v. Harvey,* No. 2003AP1813, 2005 WI 43 (Wis. 2005)  April 14, 2005

*Neborsky v Town of Victory*, 5 : 17 - cv - 142 gwc (D. VT Feb. 22, 2018)

*Lange v. United States*, No. 06 - 306 C (July 24, 2007)

*Mensah v. Manning*, No. 18 - cv - 9247 ES  MAH  (D.N.J. Jan. 8, 2020)

*Shaul v. Cherry Valley - Springfield Central School District,* 363 F. 3d 177 (2d Cir. 2004)

*Soldal v. Cook County,* 506 U.S. 56 (1992)

*Weber v. United States,* 71 Fed. Cl. 717, 721 (2006)

## STATUTES and RULES

28 U.S.C. Section 1257
28 U.S.C. Section 1331
28 U.S.C. Section 1334
42 U.S.C. Section 1983
12 V.S.A. 512 (4)
32 V.S.A. 5294(4)
F.R.C.P. 8 (a)(1)(2)
V.R.C.P. 12 (b) (6)

## OTHER AUTHORITIES

U.S. Constitution, Art. IV, Section 1 - Full Faith and Credit Clause
Restatement (Second) of Judgments Sections (24)(2)
Restatement (Second) of Judgments 26 (1)(f)
5 Wright and Miller Federal Practice and Procedure, Section 1226 (3d ed 2004)

## PLAINTIFFS' SUPPORTING  MEMORANDUM OF LAW

## PLAINTFFS' CLAIMS ARE NOT BARRED BY CLAIM PRECLUSION

Federal Courts must look to an analysis of State law concerning Claim Preclusion when analyzing if the Doctrine would apply in a particular case.  Under the Full Faith and Credit Clause of U.S. Constitution, Article IV, Section 1, Federal Courts must accord state Court judgments the same preclusive effect as other Courts within that State. Burgos v. Hopkins, 14 F. 3d 787, 790 (2d Cir. 1994).

Vermont has utilized the "transactional approach" and according to the Restatement (Second) of Judgments Section 24 (2), a Plaintiff is to address in one lawsuit all injuries emanating from all or part of the transaction, or series of transactions, or a series of connected transactions, out of which the action arose."  The scope of the transaction is determined by giving weight to such considerations as whether the facts are related  in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectation or business understanding or usage."

Vermont Federal District Courts, the Vermont Supreme Court and other Courts have looked to Faulkner v. Caledonia County Fair Association, 2004 VT 123, 178 VT 51, 57, 869 A.2d 103, 109. as a basis for a State Decision concerning Claim Preclusion.  This case states that Preclusion only applies when "the parties, subject

2.

matter and cause(s) of action in both matters are the same or substantially identical."

For the reasons set forth below and based on the Decisions of the Courts cited herein, Plaintiffs advocate to this Court their present civil rights litigation is not barred by  Claim Preclusion and respectfully move this Court to deny Defendant's Motion to Dismiss.

In the instant case as in the prior cases submitted by the Defendant, the Plaintiffs are the same.  However, in the case presently before this Court, Fair Haven Police Chief William T. Humphries, is named as a separate Defendant in his individual capacity and has been served a separate Summons and Complaint.  Federal Circuit Courts have held that a government employee named in their individual capacity is not in privity with the government.  It was decided in  Harmon v. Dallas County, 927 F3d 884, 891 - 892, (5th Cir. 2019), that there is no privity between a governmental entity and government employee later sued in individual capacity.  The Court in Conner v. Reinhard, 847 F.2d 384, 395 (7th Cir, 1988) said "Courts do not generally consider officials sued in personal capacity to be in privity with the government."  The Court in Headley v. Bacon, 828 F. 2d 1272, 1274, 1278 -1279 (8th Cir. 1987) found no privity between city found liable in earlier action and city employees named later in their individual capacities.  Thus, fundamentally, a government official named in an individual capacity does not represent the interests of the government and should not be considered its legal privy.  Clem v. Pinal County, 491 P.3d 1156 (Ariz. Ct.  App,, May 10, 2021).

3.

Whereas William T. Humphries, individual capacity,  was not named as a party Defendant to either of the prior litigations and he is being sued presently in his individual capacity, there is no privity and claim preclusion does not apply.

This Court in <u>Neborsky v. Town of Victory</u>, 5 : 17 - cv - gwc (D. VT Feb. 22, 2018), identified with precise specificity the claims brought by Plaintiff Ruth Ann Neborsky and determined claim preclusion did not apply to her case because although the facts underlying the two actions were related to a considerable degree, most of the important facts were outside the public records action.  This Court clearly distinguished the claims of the prior litigation as pertaining to the extent of the auditor's duties during the course of  the audit and the extent of the auditor's care and control over Town records.  The second action concerned the statements the auditor made to third parties, the harms Plaintiff suffered as a result of those statements and the nature of the relationship between the auditor and the Town of Victory.

This Court reasoned that while both actions implicate the broad circumstances of the general relationship between the auditor and the Town, the present action of <u>Neborsky</u> turned on the specific circumstances and context in which the false statements were made.

It was on this factor this Court rejected Defendant's Claim Preclusion argument and denied Defendant's Motion to Dismiss.

The same detailed analysis above by the Court is most definitely warranted in the

4.

present case in view of the voluminous documents presented and relied on by the

Defendants in their Motion to Dismiss.   The Decision by the Vermont Supreme Court in

*Billewicz I* was limited to Plaintiffs' claim challenging the acts of the Tax Collector and

decided the claims were barred by the Statute of Limitations, Municipal Title 32 V.S.A.

5294(4).  The Decision by the Vermont Supreme Court in *Billewicz II* was limited to

trespass claims and the Court ruled these claims were barred by Claim Preclusion,

based on being the same allegations as *Billewicz I*.   The Court stated that the claims

alleged in *Billewicz II* were inextricably interwoven with the assertions of *Billewicz I*  and

the challenge to the tax collector's acts.

As cited below in <u>Andrade v. City of Hammond</u>, 9 F. 4th 947 (7th Cir. 2021), the

Appeals Court ruled that the Federal Plaintiff's claim was NOT "inextricably intertwined"

with the State Court judgment because the civil rights violation occurred BEFORE any

State Court judgment and was a separate and independent claim.  The Appeals Court

reversed the District Court and stated the Plaintiff's claim were so separate that they

could exist without *any* Court judgment.  Likewise, Plaintiffs' Civil Rights claims in the

present case are NOT inextricably interwoven with prior litigation because the violations

occurred prior to any Court decision and, just like <u>Neborsky</u>, are challenging acts of the

Defendant that are different than acts challenged and decided in the State Courts.

Plaintiffs here are claiming a seizure of their property by means of a verbal threat of

arrest from the Police Chief and the seizure of their property by and through

DPW workers, PRE any court decision.  As this Court stated in <u>Neborsky</u>, although

there might be some similarities between the actions, "the present action turns

on the specific circumstances and context in which the false allegations were made."  In

this case, it turns on the specific circumstances and context in which warrantless

seizures were made without a judicial decision.  Although there is some relation in time,

space, origin and motivation, the evidence to sustain the cases is different because the

civil rights violations are separate, distinct claims from a Vermont Municipal Title 32

V.S.A. 5294 (4) tax collector"s actions and occurred at a different time.

Another factor considered by this Court in <u>Neborsky</u> is whether the cases would have

made a convenient trial unit and whether they would conform to the parties'

expectations or business understanding or usage.  This Court concluded that it would

not be reasonable nor convenient for the parties to be expected to litigate a Public

Records action simultaneously with Federal Constitutional actions.  In the instant case,

the Federal civil rights violations brought pursuant to 28 U.S.C. 1331 and 1334 based

on 42 U.S.C. 1983 alleging violations of the Fourth, Fifth and Fourteenth Amendment of

the Constitution would not have meshed well for either the parties preparing and

presenting nor for the judge hearing the cases, with a Vermont Municipal Statute,

32 V.S.A. 5294 (4) concerning the acts of a tax collector collecting a tax.  It would not

have made a convenient trial unit.

Still further in support that Claim Preclusion does not apply to Plaintiffs' Civil Rights

violation claims, is Restatement (Second) Section 26 (1)(f) and is as follows concerning

the General Rule to Claim Splitting and Exceptions.  Claim Preclusion does not apply

when,

> "It is clearly and convincingly shown that the policies favoring preclusion of
> a second action are overcome for extraordinary reason, such as the invalidity
> of a continuing restrain or condition having a vital relation to personal liberty
> or the failure to yield a coherent disposition of the controversy."

The Plaintiffs have set forth facts in their Complaint which this Court must take as

true, that they are the owners of the property.  It is the **DEFENDANT** who is asserting

and raising in their responsive pleading the Town has possession of the properties and

thus Plaintiffs' claim should be denied.   Ownership of both real and personal property is

a superior interest to possession and is a constitutionally protected interest.  The law is

clear that to have possession, the possession must be lawful.  Defendants have failed

to deny Plaintiffs' ownership by means of an Answer to the Complaint nor defend their

asserted lawful possession by means a Summary Judgment Motion.  The evidentiary

burden shifts to the Defendants to prove their possession is lawful and that the Town's

action by and through the threat of Police Chief Humprhries and the actions of the DPW

did not constitute a seizure and meaningfully interfere with Plaintiffs' ownership and

possessory rights.  Soldal v. Cook County, 506 U.S. 56 (1992).

Whereas the **DEFENDANT** raises the issue of possession in their responsive

Pleading in this action,  may the record reflect there has never been an outright  judicial

7.

determination that Plaintiffs do not own the property.   Thus, as in <u>Kruckenberg v.</u>

<u>Harvey,</u> No. 2003AP 1813, 2005 WI 43 (Wis. 2005)  April 14, 2005)  the Court found it

necessary to reverse and remand the Decision of the Appeals Court and found

Restatement (Second) 26 (1) (f) was appropriate where "prior litigation failed to yield

a coherent disposition of the controversy."  The Court ruled Claim Preclusion DID NOT

apply under those circumstances.

    For all of the above reasons and substantial case law cited herein, Plaintiffs

respectfully request the Court deny Defendants' Motion to Dismiss.


<u>PLAINTIFFS' CLAIMS ARE NOT BARRED BY STATUTE OF LIMITATIONS</u>

    Plaintiffs' claims as plead in their Complaint are grounded in 42 U.S.C. 1983 and

allege violations of the Fourth, Fifth and Fourteenth Amendments of the Constitution for

the conduct which occurred on or about September 19, 2019 and rose to the level of

illegal seizures of Plaintiffs' property.

    Whereas Federal Courts are governed by State law Statute of Limitations, 12 V.S.A.

512 (4) is the three year Statute of Limitations for this Court's consideration.  On the

face of  Plaintiffs' Complaint at paragraphs 15 and 24, it is clear Plaintiffs  are alleging

conduct of  the Defendants in September, 2019.  The present Complaint was filed on

March 28, 2022 and thus is timely filed and not barred by the Statute of Limitations.

    "Because the Defendants bear the burden of establishing the expiration of the

8.

Statute of Limitations as an affirmative defense, a pre - answer Motion to Dismiss on this ground may be granted only if it is clear on the face of the Complaint that the Statute of Limitations has run." 5 Wright and Miller, Federal Practice and Procedure, Section 1226 (3d ed 2004) "The burden of establishing a Statute of Limitations defense rests with the party pleading it." Beaupre v. O'Conner, No. 214 - cv - 256, 2015 WL 5530180 at page 2 (D. VT Sept. 18, 2015) "The current trend in cases is to allow [timeliness] to be raised by a Motion to Dismiss under Rule 12 (b) (6) when the defect appears on the face on the Complaint." The Court in Goldberg v. Dufour, Case No. 2 : 17 - cv - 00061 Jan. 23, 2020 (D. VT Jan. 23, 2020) stated, "Unless the Complaint provides an ironclad defense, a limitations argument must await factual development."

Defendants in their Motion to Dismiss raise the Federal consideration of accrual as a basis of Statute of Limitations. The date specific conduct which Plaintiffs allege violates their civil rights occurred in September, 2019. As the Courts stated in Lange v. United States, No. 06 - 306 C (July 24, 2007), Judge Mary Ellen Coster Williams and in Weber v. United States, 71 Fed. Cl. 717, 721 (2006), each time the Government issued an alleged inadequate paycheck it gave rise to a separate cause of action. Each act constituted a discrete and actionable violation.

The case Brown Park Estates - Fairfield Development v. United States, 127 F. 3d 1449 .( Cir. 1997) is another very famous Federal case. This case considered the

9.

continuing claim doctrine.  This case involved HUD not making periodic rents

adjustments and the Federal Appellate Court explained that each time HUD did not

make a rent adjustment, it was a separate, distinct event or wrong and each had its own

associated damages and claim date.   The <u>Brown</u> Court quoted <u>Friedman v. United</u>

<u>States</u>, 310 F.2d 381 (Ct.Cl. 1962).

The Defendants claim the Plaintiffs' present civil rights actions are barred by Vermont

32 V.S.A. 5294 (4) which is the Vermont Municipal Law Title and that particular section,

5294 (4) concerns the acts of the tax collector in the collection of a tax.  In the instant

case,  Plaintiffs are asserting civil rights violations of the Fourth, Fifth and Fourteenth

Amendment of the Constitution and bring forth their claim pursuant to 28 U.S.C. 1331

and 1334 based on 42 U.S.C. 1983.   From the inception of their Motion to Dismiss on

page 4, Defendants have misrepresented to this Court that Plaintiffs are challenging the

tax sale and base their entire Motion to Dismiss on such misstatement.   Defendants

have misstated this to the Court by repeatedly saying Plaintiffs are bringing 1983

trespass claims in this action. This is not appropriate to do and is misleading for the

Court.

Based on the dates referenced above and the case law cited herein, Plaintiffs

respectfully  maintain their claims are not barred by the Statute of Limitations.

10.

## THE ROOKER - FELDMAN DOCTRINE IS INAPPLICABLE TO PLAINTIFFS' 1983 CLAIMS

The Rooker - Feldman Doctrine has been expressed by Congress in 28 U.S.C. 1257 and has been reviewed and analyzed by the United States Supreme Court, Federal District Courts and State Courts over and over again for years to determine if the case before it should be dismissed if it fits the four factors of the Doctrine.  The Courts looked carefully at each of the factors and the Plaintiffs herein will likewise address each factor to dispel Defendants' argument the Rooker - Feldman Doctrine is applicable to Plaintiffs' case.

The United States Supreme Court rendered a Decision in a very famous case, Exxon  Mobil Corp. v. Saudi Basic Industries, Corp.  544 U.S. 280, 284 (2005) addressing the Rooker - Feldman Doctrine.   This case has been cited in numerous Court Decisions and Courts have adhered to the legal reasoning of the United States Supreme Court.

"The Rooker Feldman Doctrine prevents the lower federal courts  from exercising jurisdiction over cases brought by "state court losers" challenging state court judgments rendered before the district court proceedings commenced."

The Court ruled that Exxon Mobil was not precluded by Rooker - Feldman because it had not repaired to the Federal Court to undue the Delaware judgment but appears to have filed suit well before any state court judgment.

11.

The Supreme Court reversed and remanded the <u>Exxon Mobil</u> case because the Third Circuit misperceived the narrow ground occupied by Rooker - Feldman and erred in dismissing the case.

The case before this Court alleges conduct of the Fair Haven, Vermont Police Chief, William T. Humphires (official and individual capacity) and the conduct of Fair Haven, Vermont Department of Public Works Employees and Administrative Staff, (Town of Fair Haven), which occurred on or about September 19, 2019.

Although the Defendants have set forth extensive Exhibits of prior litigation which rendered adverse Decisions for the Plaintiffs, those State Court Judgments were rendered February 24, 2020, March 26, 2021, August 12, 2021 and February 11, 2022.

Contrary to the Defendants' assertion, this litigation will not require and Plaintiffs are not intent on having this Court review and reverse the Vermont Supreme Court's decisions in <u>Billewicz I</u> and <u>Billewicz II</u> because those decisions had not even been rendered when the civil rights violations of the Defendants occurred. The Plaintiffs can not claim injury from a State Court judgment that had not even been rendered.   This assertion by the Defendant does not even fit in the framework and chronology of the Rooker - Feldman Doctrine.

The Appeals Court in <u>Andrade v. City of Hammond</u>, 9 F. 4th 947 (7th Cir. 2021)

12.

reversed the District Court's ruling Dismissing Plaintiff's claim under the Rooker -

Feldman Doctrine.  The Appeals Court made it very clear the Federal Plaintiff's claim

was NOT "inextricably intertwined" with the State Court judgments because the civil

rights violation conduct occurred BEFORE any judicial determination, the claim was a

separate, independent claim and not subject to Rooker - Feldman.   The Court went as

far as to say Plaintiff's Federal claims could exist without *any* state court judgment

because the injury complained of could be separated from the State Court judgment

that had not even occurred.

The Court in Mensah v. Manning, No. 18 - cv - 9247 ES  MAH  (D.N.J. Jan. 8, 2020)

stated, "When the source of the injury is the Defendant's actions (and not the state -

court judgments), the Federal suit is independent, even if it asks the Court to deny a

legal conclusion reached by the State Court.   A useful guidepost is the timing of the

injury complained of, that is, whether the injury complained of in Federal Court existed

prior to the State Court proceedings and thus could not have been 'caused by' those

proceedings." quoting Great W. Mining and Mineral Co., v. Fox Rothschild, LLP, 615

(F.3d Cir. 2010) at 166.  The Mensah Court ruled Rooker - Feldman did not preclude

Federal jurisdiction.

To be in accord with the rulings of these Federal Courts when comparing the timing

of  the civil rights violations by the Defendants (September, 2019) and the State Court

13.

Rulings (February, 2020 - February, 2022), it is plain to see the Defendants' assertion

is erroneous that Rooker - Feldman applies to Plaintiffs' case.

<u>PLAINTIFFS' HAVE COMPLIED WITH F.R.C.P. 8 (a) (1) and HAVE STATED A
PLAUSIBLE CLAIM THAT HAS LEGAL BASIS AND UPON WHICH RELIEF CAN BE
GRANTED</u>

Pursuant to F.R. C.P. 8 (a)(1)(2), Plaintiffs' have set forth a short, plain statement of

the claims showing the pleaders are entitled to relief.  The allegations in the Complaint

are clear to put the Defendants on notice of the claims being filed against them.  The

Plaintiffs have set forth clear and "sufficient factual matter, accepted as true and that

state "a claim to relief that is plausible on its face'",  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678

(2009).  The Defendants chose not to file an Answer to the Complaint nor a Motion for

Summary Judgment rather chose to file a Motion to Dismiss

Within Plaintiffs' Complaint, Plaintiffs have asserted a proprietary interest in the

properties.  The United States Supreme Court stated that a proprietary interest is an

interest protected by the Fourth Amendment of the Constitution against seizure by

government officials.  <u>Brown v. United States</u>, 411 U.S. 223 (1973)  The <u>Brown</u> Court

took a quote from the Court of Appeals in saying;

> This ruling [of the District Court] was correct because appellants
> claimed no possessory or proprietary rights in the goods or in
> Knuckles' store, and it is clear that they cannot assert the Fourth
> Amendment right of another.  <u>Court of Appeals</u>, (6th Cir.) 452 F.2d
> 868, 870 (1971)

14.

Another famous United States Supreme Court case that supports Plaintiffs' position that their assertions in the Complaint are sufficient to provide them Constitutionally protected Fourth Amendment protection against warrantless seizures is Jones v. United States, 362 U.S. 257 (1960) wherein the Court quoted Jeffers v. United States 342 United States 48, "The necessary quantum of interest (to be Constitutionally protected) has been distinguished as being, variously, "ownership in or **right to possession** of the premises." As mentioned and explained above, it is the **DEFENDANTS** in their responsive pleading who state the Defendants had possession at the time of the violations of Plaintiffs' civil rights. It is the **DEFENDANTS** who raise the question of who had a possessory interest at the time of the civil rights violations. The Jeffers Court made it clear that to have possession alone is not enough, it must be the lawful possession and the right to possess. The Defendants have not defended and have not set forth in their responsive pleading they have **full, lawful possession** yet question the Plaintiffs.

Defendants reliance on Shaul v Cherry Valley - Springfield Central School District, 363 F. 3d 177 (2d Cir. 2004) and El - Nahal v Yassky, 835 F. 3d 248, 256 (2d Cir. 2016) Is misplaced and pales when up against the Decisions and quotes of the United States Supreme Court as stated above.

15.

Respectfully, in consideration of the Decisions of the United States Supreme Court as stated herein, Plaintiffs request this Court determine the proprietary interest asserted by the Plaintiffs in their Complaint be considered sufficient to satisfy an element of the Fourth Amendment claims asserted.

## CONCLUSION

For each of the categories Defendants have set forth to Dismiss Plaintiffs' Complaint, Plaintiffs have set forth substantial case law from the United States Supreme Court, Federal Courts of Appeal, Federal District Courts and other Courts to refute their arguments.  These Courts have set forth sound reasoning and Decisions based on law and Plaintiffs' case falls in line with this reasoning and the law.   Respectfully, in consideration of all the explanations above and based on all of the cases cited herein, Plaintiffs request this Court follow these Decisions and Deny Defendants' Motion to Dismiss.

Dated: 5/11/5022

Respectfully submitted,

Johnathan J. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743

Michael W. Billewicz
16 Africa Street
Providence, Rhode Island 02903

16,

J and M Investment Trust

Lillian E. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743
1 - 802 - 683 - 1709
later1111@comcast.net

CERTIFICATE OF SERVICE

I hereby certify that on this same date, a copy of the foregoing was mailed via first class, United States mail, postage pre - paid to Atty. James F. Carroll and Atty. Kevin L. Kite at 64 Court Street, Middlebury, Vermont 05753.

Dated: 5/11/2022

Lillian E. Billewicz

17.