UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOHNATHAN J. BILLEWICZ, et al. ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 5:22-cv-00073-gwc |
| ) | |
| TOWN OF FAIR HAVEN, VERMONT, et al ) | |
|     Defendants ) | |

**REPLY TO PLAINTIFFS' MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' SUPPORTING MEMORANDUM**

NOW COME the Defendants, by and through their attorneys, Carroll, Boe, Pell & Kite, P.C., and, in reply to Plaintiffs' Motion in Opposition To Defendants' Motion To Dismiss And Plaintiffs' Supporting Memorandum ("Opposition"), provide the following:

**MEMORANDUM OF LAW**

**PLAINTIFFS SEEKS TO CHALLENGE THE TAX COLLECTOR'S DEEDS HERE AS THEY DID IN BILLEWICZ I AND BILLEWICZ II[1]**

In their Opposition, Plaintiffs acknowledge they hope to force the Town to assert lawful possession of the Properties as a defense and thereby gain a *fourth* bite at challenging the validity of the tax collector's deeds by which the Town holds title to the Properties:

> The Plaintiffs have set forth facts in their Complaint which this Court must take as true, that they are the owners of the property. . . . The evidentiary burden shifts to the Defendants to prove their possession is lawful and that the Town's action by and through the threat of Police Chief Humprhries [sic] and the actions of the DPW did not constitute a seizure and meaningfully interfere with Plaintiffs' ownership and possessory rights. Soldal v. Cook County, 506 U.S. 56 (1992).

---

[1] As in the Motion to Dismiss, in an effort to distinguish between four different Complaints, four different litigations and two different Vermont Supreme Court decisions, this Reply will refer to the separate actions, as a whole, without any extra formatting (e.g., Billewicz I); will refer to the Complaints in each action by underlining the name of the action (e.g., Billewicz I); and will refer to Vermont Supreme Court decisions in an action by italicizing them (e.g., *Billewicz I*).

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

> Whereas the DEFENDANT raises the issue of possession in their responsive Pleading in this action, may the record reflect there has never been an outright judicial determination that Plaintiffs do not own the property.

Doc. 12 at 9-10 (numbered 7-8).

Plaintiffs presented the same argument to the Vermont Superior Court in Billewicz II:

> In an action for trespass, title to the land is the pivotal issue. . . . Plaintiffs in the instant case, would bear the burden of proving ownership. The Plaintiffs have four deeds to the subject properties incorporated herein which prove ownership to each respective Plaintiff. *The Defendant would next have to meet its burden and refute Plaintiffs' ownership by proving a lawful transfer of the properties to the Town* by means of legally acquired title in conformity with all requirements of the strict compliance mandate for tax statutes, particularly, 32 V.S.A. 5255. The Defendant Town can not present to this Court four Reports of Sale recorded in the Fair Haven Land Records within 30 days of the tax sale. As such, by not producing such evidence, the Court would necessarily have to rule the deeds which the Town purports to be valid, are in fact void ab initio.

Plaintiffs' Motion to Alter or Amend Decisions on Motion for Summary Judgement and Motion to Dismiss at 16-17 (9/9/2021), attached hereto as Exhibit A (emphasis added).

Similarly, Plaintiffs argued to the Vermont Supreme Court that their trespass claims should not be precluded because preclusion would leave the ownership issue unresolved:

> As stated above and throughout the Brief, Reply Brief and oral argument, *there has never been an adjudication by any Court as to ownership of the properties*. . . . Appellants request this Court . . . remand for a contested hearing on trespass and ownership. *To do otherwise would only defeat the purpose of Issue Preclusion and Claim Preclusion by leaving the parties still contesting ownership, unlawful possession, trespass and would necessarily lead to further litigation.*

Doc. 9-7 at 4 (emphasis added).

The Vermont Supreme Court rejected these arguments, holding that claim preclusion barred Plaintiffs' Billewicz II trespass claims. *Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, *5-6, 2022 WL 424881; *see also* Doc. 9-8 ("Appellants' motion for reargument fails to identify points of law or fact overlooked by the Court and is therefore denied.")

Plaintiffs now attempt the same tactic in this Court, using § 1983 claims rather than

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

trespass claims. As their Opposition shows, Plaintiffs intend this Court to consider whether the Town's possession and/or title to the Properties is superior to the Plaintiffs' claims, even though Plaintiffs have been told multiple times they are barred from challenging the tax deeds. *Billewicz v. Town of Fair Haven*, 2021 VT 20, ¶30, 254 A.3d 194, 204 ("*Billewicz I*"); *Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, *5-6, 2022 WL 424881 ("*Billewicz II*").

As *Billewicz I* explained, 32 V.S.A. § 5294(4)'s one-year statute of limitations represents "a considered legislative value judgment about the importance of finality" in cases involving real estate sold to collect delinquent taxes. *Billewicz I,* 2021 VT 20, ¶29, 254 A.3d at 204. Plaintiffs are attempting an end run around two Vermont Supreme Court decisions and Vermont Legislative intent by asking this federal court to review the validity of the tax deeds. The Defendants respectfully request that this Court dismiss the Complaint with prejudice on the ground that these claims are precluded by Vermont's doctrine of claim preclusion.

### PLAINTIFFS CANNOT EVADE CLAIM PRECLUSION BY SUING CHIEF HUMPHRIES IN HIS INDIVIDUAL CAPACITY

Plaintiffs also resist claim preclusion based on suing Police Chief William T. Humphries in his *individual* capacity. Doc. at 5 (numbered 3). *Vermont* law[2] does *not* allow Plaintiffs to avoid claim preclusion merely by naming Town officials in their individual capacities: "[W]hen a party is sued as an individual for actions taken solely in her official role, res judicata may not be circumvented." *Lamb v. Geovjian*, 165 Vt. 375, 380, 683 A.2d 731, 735 (1996); *also Deyo v. Pallito*, 193 Vt. 683, 69 A.3d 291 (2013); *Cornelius v. State*, 2021 Vt. Unpub. LEXIS 49, *5.

---

[2] The cases Plaintiffs cite do not involve *Vermont* law. *See Harmon v. Dallas Cty.*, 927 F.3d 884, 891-892 (5th Cir., 2019) (Texas preclusion law); *Conner v. Reinhard*, 847 F.2d 384, 396 (7th Cir. 1988) (federal preclusion law); *Headley v. Bacon*, 828 F.2d 1272, 1274 (8th Cir. 1987) (federal preclusion law); *Clem v. Pinal Cty.*, 491 P.3d 1156, 1160, 251 Ariz. 349, 353 (Ariz. Ct. App. 2021) (federal preclusion law)). *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021), a *Rooker-Feldman* case, is not relevant to whether Plaintiffs' claims are barred under *Vermont*'s claim preclusion doctrine.

CARROLL, BOE, PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

Here, Plaintiffs are suing Chief Humphries solely for his official actions. The Complaint identifies Chief Humphries as "an employee of the Fair Haven Police Department . . . acting within the scope of his employment . . ." Billewicz IV at ¶ 8. The sole statements Chief Humphries is alleged to have made, Doc. 1 at ¶ 15 and ¶ 16, were made during a sworn Billewicz I deposition, at which Chief Humphries testified regarding his official conduct. *See* Doc. 9-14 at 1. Moreover, those statements concern actions Police Chief Humphries *might* take in his official capacity as a police officer *if* the Plaintiffs entered the Properties.[3] *See* Doc. 9-14 (providing testimony). The Complaint makes *no* allegations respecting conduct by Chief Humphries in his role as an individual.[4] Under Vermont law, Plaintiffs cannot evade claim preclusion on these facts merely by naming Chief Humphries in his *individual* capacity, when none of the allegations involve his *individual* conduct. Under Vermont law, claim preclusion applies to the present claims asserted against Chief Humphries, even in his individual capacity.

## CLAIM PRECLUSION WOULD APPLY UNDER *NEBORSKY*

Plaintiffs provide no cohesive argument why Vermont claim preclusion does not apply to Chief Humphries' *official* conduct or to the conduct of persons in privity with the Town, such as the Town's John and Jane Doe employees. Instead, Plaintiffs point to *Neborsky v. Town of Victory*, 2018 U.S. Dist. LEXIS 29803, *9 (D. Vt. 2018), and suggest that under the analysis

---

[3] Chief Humphries could *only* arrest Plaintiffs in his role as a police officer. The only legal grounds upon which a private citizen may arrest an individual do not apply here. *See* 13 V.S.A. § 4954 (allowing private citizen to arrest a person "without a warrant upon reasonable information that the accused stands charged in the courts of another state with a crime punishable by death or imprisonment for a term exceeding one year"); *State v. Barber*, 157 Vt. 228, 231, 596 A.2d 337, 338, 1990 Vt. LEXIS 269, *5 ("Private citizens are empowered to arrest fellow citizens for misdemeanors committed in their presence if the misdemeanor constituted a breach of the peace."); 13 V.S.A., Part 1, Chapter 19 (defining Breaches of Peace and not including trespass); and 13 V.S.A. § 3075 (defining criminal trespass).

[4] Moreover, because the claims against Chief Humphries involve only his official role, the claims brought against him in his individual capacity must be dismissed as well for failure to state a claim upon which relief may be granted.

CARROLL, BOE, PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

applied in *Neborsky*, Plaintiffs' § 1983 claims would evade claim preclusion because the claims would not involve the same issues or the same evidence as the claims in Billewicz I and Billewicz II. Doc. 12 at 6-7 (numbered 4-5) and 8 (numbered 6). This argument misstate *Neborsky*'s holding and its analysis.

The *Neborsky* Court declined to apply claim preclusion because the prior order at issue involved a Vermont Public Records Act (VPRA) claim. Such claims are limited in focus and "fast-tracked to proceed and conclude as quickly as possible." *Neborsky,* 2018 U.S. Dist. LEXIS 29803, *9. As a result, the Court reasoned, a claimant in a VPRA claim would not have the time or the need to assert, discover and develop all the claims that might arise from a single nucleus of operational facts and a defendant "would not expect repose" as to all claims. *Id*. at *10.

Billewicz I and Billewicz II were general civil actions. Plaintiffs were in command of their own Complaints and were free to assert any and all claims they might have wished against the Town or its officials—including § 1983 claims such as those asserted here. The claims in Billewicz I and the related § 1983 claims would have formed a convenient trial unit, because the § 1983 claims are premised on exactly the same concerns at issue in Billewicz I and Billewicz II (who owns the Properties?) and would have involved the same evidence (the tax sale, the May 18, 2017 possession of the Properties, etc.). After four years of litigation, the Defendants are reasonably entitled to repose under the *Neborsky* analysis. Plaintiffs' *Neborsky* argument fails.

### *ROOKER-FELDMAN* APPLIES BECAUSE PLAINTIFFS' CLAIMS ARE INEXTRICABLY INTERTWINED WITH *BILLEWICZ I* AND *BILLEWICZ II*

Plaintiffs argue that the *Rooker-Feldman* doctrine does not apply because *Billewicz I* and *Billewicz II* predated the date of the allegations. Doc. 12 at 14 (numbered 12). In support of this argument, they cite *Exxon Mobil Corp. v. Saudi Basic Industries, Corp*. 544 U.S. 280, 284 (2005), *Andrade v. City of Hammond*, 9 F. 4th 947 (7th Cir. 2021), and *Mensah v. Manning*, No.

CARROLL, BOE, PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

18- cv-9247 ES MAH (D.N.J. Jan. 8, 2020). *See* Doc. 12 at 13 -16 (numbered 11- 14). Plaintiffs' discussion of the *Rooker-Feldman* doctrine misstates and confuses the doctrine and conflates two separate timing issues.

> [T]here are four requirements for the application of *Rooker-Feldman*. First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invite district court review and rejection of [that] judgment[]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced" - i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation. The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive.

*Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citing *Exxon Mobil*).

Here, the two procedural elements (the first and fourth requirements) are met because Plaintiffs lost in Vermont court and *Billewicz I* and *Billewicz II* were rendered *before* the present district court proceedings commenced. The only remaining issues are whether Plaintiffs complain of injuries caused by the Vermont decisions and whether the Plaintiffs invite this Court to review and reject them (i.e., the second and third requirements).

Plaintiffs deny they are asking this Court to review and reject *Billewicz I* and *Billewicz II*, *see* Doc. 12 at 14 (numbered 14), but their argument on this point is limited to timing:

> Plaintiffs are not intent on having this Court review and reverse the Vermont Supreme Court's decisions in Billewicz I and Billewicz II because those decisions had not even been rendered when the civil rights violations of the Defendants occurred. The Plaintiffs can not claim injury from a State Court judgment that had not even been rendered.

Doc. 12 at 14 (numbered 12). This argument is disingenuous because, as discussed extensively above, Plaintiffs have outlined how they expect to have this Court review and reject the Vermont judgments at issue in this case, namely, by having the Defendants assert the tax collector deeds as a defense. In an analogous factual setting involving foreclosures, the Second Circuit applied the *Rooker-Feldman* doctrine, acknowledging that the plaintiff sought to undo the state court

CARROLL, BOE, PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

judgment. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars Vossbrinck's claim."); *see also Doherty v. Suffolk County*, 2013 U.S. Dist. LEXIS 182112, *9 (N.Y.E.D. 2013) ("Here, there is no question that the purpose of this lawsuit is to undo the tax sale and vacate the judgment of possession and warrant of eviction."). Plaintiffs' argument on the third requirement therefore must fail.

Plaintiffs' arguments regarding the timing of the alleged conduct are most relevant to the second requirement, i.e., whether Plaintiffs complain of injuries caused by the state court judgments.[5] The timing analysis is described in *Mensah*, not as a rule, but as a "useful guidepost" in analyzing whether alleged injuries exist independently of state court judgments. *Mensah v. Manning*, 2020 U.S. Dist. LEXIS 2806, *10. This "guidepost" was never meant to be applied mechanically, as Plaintiffs have done in their argument. Thus, in *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021), the Court applying the guidepost distinguished *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019) by explaining that *Rooker-Feldman* applied in *Swartz* because the Swartz' plaintiff's federal claims alleging improper seizure of animals were inexplicably intertwined with the state court judgment affirming the seizures. *Andrade*, 9 F.4th at 950.

Here, Plaintiffs' claims are inextricably intertwined with the results of *Billewicz I* and

---

[5] *Exxon Mobil* is irrelevant to Plaintiffs' timing argument. The *Exxon Mobil* Court held *Rooker-Feldman* cannot apply if a federal action is filed before a state court judgment issues, because, in such circumstances, the two courts maintain separate and continuing jurisdiction over the claims. *Exxon Mobil*, 544 U.S. at 292. Here, Plaintiffs filed this federal court action *after* they lost in Vermont courts on the question of whether they can challenge the Town's possession of and title to the Properties. *Exxon Mobil* therefore does not help the Plaintiffs in their timing argument.

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

- 7 -

*Billewicz II* because Plaintiffs' § 1983 claims rise or fall based on whether Plaintiffs may challenge the tax collector deeds by which the Town holds title. This factual situation comes well within the *Rooker-Feldman* doctrine, and it would be appropriate for the Court to dismiss the claims on this basis.

## PLAINTIFFS' CLAIMS ARE TIME-BARRED

Even if Plaintiffs' claims are viewed as straightforward § 1983 claims, they are barred by the three-year statute of limitations imposed by 12 V.S.A. § 512(4). *See* Doc. 9 at 15-17 (making argument). In both Billewicz I and Billewicz II, Plaintiffs alleged the Town took possession of the Properties on May 18, 2017, retaining possession continuously thereafter. Although Plaintiffs deliberately omitted this material fact from Billewicz IV, they now seek to evade dismissal by arguing the Court should consider only the September 19, 2019 date Plaintiffs included in their Complaint. Doc. 12 at 10-11 (numbered 8-9). However, these prior allegations, asserted twice in two separate actions, constitute binding judicial admissions by the Plaintiffs and are properly considered by this court. *Goldberg v. Dufour*, 2020 U.S. Dist. LEXIS 11408, *18 (D. Vt. 2020). Accordingly, the appropriate accrual date under federal law for measuring the limitations period on Plaintiffs' § 1983 claims is May 18, 2017, the day that the Town took possession of the Properties, *not* the September 19, 2019 date alleged in the Complaint.

Plaintiffs, citing *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456-1457 (Fed. Cir. 1997), argue that the "continuing claim doctrine" justifies using September 19, 2019 as the accrual date. Doc. 12 at 11-12 (numbered 9-10). *Brown Park* explains the "continuing violation" theory in great detail. *Brown Park*, 127 F.3d at 1456-1457. Under *Brown Park*, only "a series of independent and distinct events or wrongs, each having its own associated damages" is entitled to consideration under the continuing violation theory. *Id*. at 1456-1457.

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

- 8 -

Claims "based upon a single distinct event, which may have continued ill effects later on" are not. *Id.* at 1456. A single event that continues to have damaging effects in the future is not by virtue of that continuity rendered a continuing violation. *Brown Park*, 127 F.3d at 1459. [6]

The present claims of alleged unlawful seizure occurred on a single day—May 18, 2017—and arose from a single event—the Town taking possession of the Properties. Any harm Plaintiffs incurred as a result of the Town's taking possession of the Properties occurred on May 18, 2017. *See, e.g., Lange v. United States*, 79 Fed. Cl. 628, 630-631 (Ct. Cl. 2007) ("A discrete violation arises at a given point in time from a single event giving rise in turn to an immediate cause of action") (internal quotation and citations omitted); *Weber v. United States*, 71 Fed. Cl. 717, 721 (Ct. Cl. 2006) ("[I]njuries attributable to a single distinct event that occurred prior to the statute of limitations period are not actionable even though they may have adverse effects that are within the statute of limitations period.").

Plaintiffs were fully aware that a seizure of their Properties had occurred as of May 18, 2017, and each day after May 18, 2017 that Plaintiffs were excluded from the Properties merely prolonged the consequences of that single day. *See, e.g., Remigio v. Kelly*, 2005 U.S. Dist. LEXIS 16789, *27 (S.D.N.Y. 2005) (holding that claims related to the seizure of a car accrued on the date of seizure). Plaintiffs were free to assert § 1983 claims arising from the May 18, 2017 seizure in their Billewicz I Complaint. They did not do so. The statute of limitations has run on § 1983 unlawful seizure claims based on the Town's taking possession of the Properties on May 18, 2017. The continuing violation doctrine does not revive their claims.

---

[6] The other cases cited by Plaintiffs, *Weber v. United States*, 71 Fed. Cl. 717, 726 (Cl. Ct. 2006) and *Lange v. United States*, 79 Fed. Cl. 628, 631 (Cl. Ct. 2007) involve the accrual of claims under the federal Equal Pay Act and called upon the courts to interpret the appropriate limitations period under that specific federal statute. These cases therefore have limited, if any, application to the accrual Vermont statutes at issue in this case.

CARROLL, BOE, PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

For these reasons, the Defendants respectfully request that Court dismiss Plaintiffs' claims with prejudice on the ground the claims are barred by the statutes of limitations imposed by 32 V.S.A. § 5294(4) and/or 12 V.S.A. § 512(4).

## PLAINTIFFS HAVE FAILED TO STATE A CIVIL CLAIM FOR UNLAWFUL SEIZURE

To establish the sufficiency of their seizure claims, Plaintiffs cite three Supreme Court cases that consider whether *criminal* defendants have standing to exclude evidence obtained during an unlawful search. *Jones v. United States*, 362 U.S. 257, 258 (1960); *United States v. Jeffers*, 342 U.S. 48, 49 (1951); *Brown v. United States*, 411 U.S. 223, 224 (1973).

These three cases are readily distinguished from the present case because of their specialized application to standing issues arising in a criminal context. A criminal defendant seeking to exclude physical evidence necessarily incriminates himself or herself by asserting an ownership or possessory interest in the contraband at issue. *Jones*, 362 U.S. at 261-263; *Brown*, 411 U.S. at 227-228. As a result, in this context, the Supreme Court has deliberately cast a wide standing net, granting criminal defendants with tenuous possessory interests the right to challenge unlawful searches. *See, e.g. Jones*, 362 U.S. at 265-267 ("anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him."). The standing standards applied in *Jones*, *Brown*, and *Jeffers* are inapplicable here in the context of a civil challenge to an alleged unlawful seizure of property. For such a seizure claim, a plaintiff must allege that they had a right to possess the subject property at the time of the alleged seizure. Plaintiffs have not done so. Therefore, their claims fail to state claims upon which relief may be granted.

For all the reasons asserted in the Motion to Dismiss and this Reply, the Defendants respectfully request the Court dismiss with prejudice all the claims asserted in the Complaint.

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111

DATED at Middlebury, Vermont this 25th day of May, 2022.

CARROLL, BOE, PELL & KITE, P.C.

BY: /s/ Kevin L. Kite, Esquire  
Kevin L. Kite, Esquire  
64 Court Street  
Middlebury, VT  05753  
(802) 388-6711; kkite@64court.com

*Attorneys for Town of Fair Haven*

CARROLL, BOE,
PELL & KITE, P.C.
64 COURT STREET
MIDDLEBURY, VT 05753
(802) 388-6711
Fax 388-2111