IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

Case No. 5 : 22 - cv - 00073 - gwc

JOHNATHAN J. BILLEWICZ,
J and M INVESTMENT TRUST, and
LILLIAN E. BILLEWICZ,

    Plaintiffs

V.

TOWN OF FAIR HAVEN, VERMONT,
TOWN OF FAIR HAVEN, VERMONT POLICE CHIEF
WILLIAM T. HUMPHRIES, INDIVIDUAL AND OFFICIAL CAPACITY,
TOWN OF FAIR HAVEN, VERMONT DEPARTMENT OF PUBLIC WORKS,
JOHN DOES, OFFICIAL CAPACITY, TOWN OF FAIR HAVEN, VERMONT
ADMINISTRATIVE PERSONNEL, JOHN AND JANE DOES, OFFICIAL CAPACITY

<u>MOTION TO DISQUALIFY ATTORNEYS JAMES F. CARROLL, KEVIN L. KITE AND LAW FIRM OF CARROLL, BOE AND PELL FROM DUAL REPRESENTATION OF MUNICIPALITY OF TOWN OF FAIR HAVEN, VERMONT and WILLIAM T. HUMPHRIES IN HIS OFFICIAL AND INDIVIDUAL CAPACITY</u>

NOW COME the Plaintiffs, Johnathan J. Billewicz, J and M Investment Trust and Lillian E. Billewicz, all Pro -se, and file this Motion to Disqualify and respectfully move this Court to Disqualify Attorneys James F. Carroll, Kevin L. Kite and the Law Firm of Carroll, Boe and Pell from Dual Representation of the Municipality of Town of Fair Haven, Vermont and William T. Humphries in his Official and Individual Capacity. Plaintiffs file this and the Supporting Memorandum and in support state as follows:

1.

## SUPPORTING MEMORANDUM OF LAW

The American Bar Association has a Code of Professional Responsibility as does each State. One section of the Code is concerned with Conflict of Interest representation by attorneys. The matter of dual representation concerns ethical considerations such as the lawyer's duty of loyalty to the client and this involves the entire relationship of the attorney and client, attorney - client privilege, competence, zealous representation and more.

Plaintiffs in this case are bringing forth 1983 claims of civil rights violations based on warrantless seizure of property by the Town of Fair Haven, Vermont by and through actions of the Town and Police Chief William T. Humphries in his official and individual capacity.

Federal cases brought pursuant to 28 U.S.C. 1331 and 1334 based on 28 U.S.C. 1983 involving civil rights violations caused by police officers often raise this conflict of interest concern when there is one lawyer, or one law firm, representing the municipality, the police officer in his/her official capacity and the police officer in his/her individual capacity. The inherent conflict of interest should prevent the dual representation.

The Second Circuit Court of Appeals has addressed this issue and has clearly stated conflicting interests and even the appearance of impropriety should be disallowed. The two case precedents from the Court of Appeals are discussed

2.

below.

The case of <u>Dunton v County of Suffolk</u>, 729 F. 2d 903 (Feb. 28, 1984) is a 42 U.S.C. 1983 case involving a police officer named as a Defendant in both his official and individual capacity. It was determined by the Court of Appeals that the Defendant police officer in his individual capacity was harmed by the District Court's determination that the mutual representation was not prejudicial and the Appeals Court concluded the Defendant did not have a fair trial. The Appeals Court vacated the judgment against the Defendant and reversed and remanded for a whole new trial.

The Court of Appeals pointed out "at least two reasons why a Court should satisfy itself that no conflict exists or at least provide notice to the affected party if one does exist." First, the Court is under a continuing obligation to supervise the members of the Bar. Second, trial Court's have a duty "to exercise that degree of control required by the facts and circumstances of each case to assure the litigants of a fair trial."

A prominent part of the Second Circuit Court of Appeals Decision is that the most serious conflict, that the County Attorney would take a basic position throughout the litigation which was adverse to the officer's interest, was never presented nor explained to the officer. This non - disclosure by the County Attorney was prejudicial to the officer as to the qualified immunity defense and highlighted the conflict of the City Attorney protecting the interests of the County against the officer's defense.

Just as the County Attorney in Dunton had to know of the serious conflict his multiple representation created, and knew or should have known that he could not fulfill his ethical obligation to the County without seriously undercutting the police officer, Attorneys James F. Carroll and Kevin L. Kite, know or should know that dual representation of the Town of Fair Haven, Vermont as a "person - municipality" and William T. Humphries in his individual capacity will compromise the defense and representation of both the Town and the Chief.

Canon 9 " A Lawyer Should Avoid Even the Appearance of Professional Impropriety" was invoked by this Court of Appeals in Funds of Funds, Ltd., v. Arthur Anderson Co., 567 F. 2d 225, 234 - 235 (2d. Cir. 1977).   DR 5 - 105 (A) is a follows,

> A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 1 - 105 (C) [which permits multiple representation with full disclosure where all interests can be adequately represented.]

The Vermont Rules of Professional Conduct address the issue of Conflict of Interest in Rules 1.7 - Rule 1.9.  The Rules speak of concurrent conflict of interest, waiver and prohibited representations.

Rule 1.7, Footnotes 18 and 23, informed consent, consent in writing and conflicts in litigation are spot on with the present case.

4.

Prohibited representation results when the conditions of Rule 1.7 (b) (3) are met and this situation can not be cured by waiver.  This section is as follows:

Rule 1.7

> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (3) The representation <u>does not involve</u> the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal;

The present case is a civil rights case involving allegations of a warrantless seizure and there most definitely would be a conflict between the qualified immunity defense and defenses for the Town.  Rule 1.7 (b) (3) prohibits dual representation.

In the instant case, two separate service of processes were effectuated by Rutland County Sheriff on April 6, 2022 upon Fair Haven, Vermont Town Manager, Joseph Gunter, and the Fair Haven Police Chief, in his individual capacity.  Attorney James F. Carroll and Atty. Kevin L. Kite entered their Notices of Appearance on April 27, 2022 and on the same date, a Motion to Dismiss was filed and signed solely by Atty. Kevin L. Kite.  A Motion for Sanctions was filed and signed solely by Atty. Kevin L. Kite on April 29, 2022.

Plaintiffs had not received any type of Answer or Responsive pleading from Police Chief  William T. Humphries in his individual capacity by the required date, April 27, 2022, day 21, so Plaintiffs forwarded an E - mail to Atty. James F. Carroll and  Atty.

5.

Kevin L. Kite explaining we had the responsive pleading he filed yet we did not have a separate response from Chief Humpries since he was served separately, in hand, in his individual capacity.  Plaintiffs asked Atty. Kite to please clarify his representation.  Neither Atty. Carroll nor Atty. Kite answered Lillian's E - mail and did not provide a clarification as to representation.  Exhibit 1.

Since Defendants' counsel did not answer, Plaintiffs' forwarded a letter via Certified mail to Chief Humprhies on May 2, 2022.  Exhibit 2.

On May  4, 2022, Atty. Kite E - mailed Lillian and stated that the Notices of Appearances he and Atty. Carroll are unambiguous that they represent ALL Defendants without limitation.  He states the Motion to Dismiss and Motion for Sanctions were timely filed by ALL parties.   Exhibit 3.

Atty. Kite has represented to this Court he and Atty. James F. Carroll represent both the Town of Fair Haven and Police Chief William T. Humphries in both his official and individual capacity in the responsive pleading.  To be in compliance with the Vermont Rules of Professional Conduct this would have necessitated full disclosure of all potential, inherent conflicts and, as in <u>Dunton</u>, the most critical, significant disclosure that Atty. Carroll and Atty. Kite, in defending the Town would take a position directly opposite Chief Humphries' best interest and qualified immunity.  All of these full disclosures would have had to be in writing, would have had to occur PRIOR to the filings and would have had to be made to each member of the governing body,

6.

Fair Haven Selectboard and Chief Humphires.  In addition, a detailed waiver signed by each member of the Selectboard and by Chief Humphries would have had to be secured by Attys. Carroll and Kite and dated BEFORE the filing of the pleadings to this Court.

This alone may not allow the dual representation if in fact the conflict of interest falls into a prohibited representation category.

The pleadings set forth by Atty. Kevin L. Kite representing both the Town of Fair Haven and Police Chief William T. Humphries in his individual capacity compromise Atty. Kite's duty of loyalty to each Defendant since the differing defenses available to each put the Defendants at odds with each other.   This is the exact type of situation the Professional Rules of Conduct are put in place to prevent and Rule 1.7 (b) (3) deems this Prohibitive Representation.

Plaintiffs respectfully request this Honorable Court Disallow the dual representation by members of the firm Carroll, Boe and Pell for the Defendants Town of Fair Haven, Vermont and Police Chief William T. Humphries in his official and individual capacity.

Respectfully submitted,

Dated: 5/31/2022

Johnathan J. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743

7.

*J and M Investment Trust,*
*Lillian E. Billewicz, Trustee*
J and M Investment Trust

*Lillian E. Billewicz*
Lillian E. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743
later1111@comcast.net

CERTIFICATE OF SERVICE

I hereby certify that on this same date a copy of the foregoing was mailed via United States mail, first class, postage pre - paid to Atty. James F. Carroll and Atty. Kevin L. Kite at 64 Court Street, Middlebury, Vermont 05753.

Date: 5/31/2022

*Lillian E. Billewicz*
Lillian E. Billewicz

8.